UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case 1:22-cr-00064-RBW |
| | : |
| LLOYD CASIMIRO CRUZ, JR. | : |
| | : |
| Defendant. | : |

DEFENDANT'MOTION TO DISMISS ON FIRST AMENDMENT GROUNDS

COMES NOW Defendant Lloyd Casimiro Cruz, Jr, ("Cruz") by and through counsel, with this Motion to dismiss this entire case on First Amendment grounds.

BACKGROUND

Cruz is charged with two criminal counts, a violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), and a violation of 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).  Both allegations are aimed wholly at Cruz's alleged petitioning for redress of grievances at the U.S. Capitol on Jan. 6; and at chilling expression and petitioning others who may come after.

Specifically, the charging instrument alleges that:

> **"On or about January 6, 2021, in the District of Columbia, LLOYD CASIMIRO CRUZ, JR did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so."**

And continues with an allegation (Count Two) that:

> **"On or about January 6, 2021, in the District of Columbia, LLOYD CASIMIRO CRUZ, JR willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building."**

Both of these allegations focus on Cruz' alleged presence in Washington, D.C. on Jan. 6, 2021, and on Cruz' alleged protest activities on that date.

Neither count alleges any violent, harmful, hurtful, deceptive, or traditionally criminal conduct which might be divorced from Cruz's mere political advocacy.

## INTRODUCTION

Given that some 800 separate Jan. 6 defendants are charged with these above-mentioned statutes, one might think that these statutes' constitutionality is settled. But previous courts considering protest restrictions at the U.S. Capitol have struck them down, and no higher court has ever found the total bans described in 40 U.S.C. Section 5104(e)(2)(G))(imposing a total ban on parading,

demonstrating, or picketing in a Capitol Building) to be consistent with the First Amendment.

Of all the places in America, the U.S. Capitol must be <u>the most accessible</u> to the citizenry. Conversely, the Capitol is perhaps the place in America where government has the <u>least authority</u> to restrict citizen presence, petitioning, demonstrating, and activism. The First Amendment explicitly states that "Congress shall make no law" restricting free speech, peaceably assembling or interfering with the right to petition government for redress of grievances. Thus, Congress is subject to the control and correction of the public according to the plain text of the Constitution. See, e.g., *Lederman v. United States*, 291 F.3d 36 (DC Cir. 2002) (striking down a regulation banning leafleting and other "demonstration activities" on the sidewalk at the foot of the House and Senate steps on the East Front of the Capitol). The *Lederman* Court found that sidewalks around the Capitol are a public forum, and that a regulation banning leafleting and other "demonstration activities" at the foot of the House and Senate steps on the east side of the Capitol is unconstitutional.

In Count One, Cruz is accused of "knowingly enter[ing] and remain[ing] in the United States Capitol, a restricted building, without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1))." But there is no law of Congress which makes the Capitol a restricted building. (Nor could Congress lawfully restrict the

Capitol in such a way, as they have no constitutional authority to "make [any] law . . . abridging the freedom of speech, . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.") Section 1752(a) does not proclaim that the Capitol is a "restricted" building.

In fact, generally speaking, the Capitol is open to the public during normal business hours. Prior to January 6, the official website explicitly informed visitors that "The Capitol Visitor Center, the main entrance to the U.S. Capitol, is located beneath the East Front plaza . . . . The Capitol Visitor Center is open to visitors from 8:30 a.m. to 4:30 p.m. Monday through Saturday . . ."




It is simply not possible for the government to lawfully convict Cruz of "enter[ing] and remain[ing] in the United States Capitol, a restricted building, without lawful authority to do so," when (a) the Capitol's official signage and websites proclaim the building is open to the public, and (b) Cruz has a constitutional right, under the 1st amendment, to monitor, watch, advocate, petition, and protest regarding the work of representatives and officials inside the building.

Indeed, it can be argued that Cruz <u>has a civic duty</u> to monitor, observe, watch, and (try to) influence the goings-on inside the Capitol.

Although Cruz's right and duty to watch and monitor doings inside the Capitol may be subject to reasonable time, place, and manner restrictions, the government cannot prevent Cruz from exercising his constitutional rights and duties. <u>Cruz's right to enter the Capitol is not subject to the permission, will, or discretion of the government</u>. *Cf., inter alia*, *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622 (1994); *Ward v. Rock Against Racism*, 491 U.S. 781 (1989); *Weinberg v. City of Chicago*, 310 F.3d 1029 (7th Cir. 2002); *Bay Area Peace Navy v. United States*, 914 F.2d 1224 (9th Cir. 1990); *A Quaker Action Group v. Hickel*, 137 U.S. App. D.C. 176, 421 F.2d 1111 (D.C. Dir. 1969)).

Given these principles, Count One does not state an offense under federal law upon which any relief can be granted; and must be dismissed pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure.

## COUNT TWO VIOLATES CRUZ' 1ST AMENDMENT RIGHTS TO PARADE, DEMONSTRATE AND PICKET AT THE CAPITOL

The final count in Cruz's indictment, Count 4, also violates the Constitution. Count 4 alleges that "On or about January 6, 2021, [Cruez] did willfully and knowingly parade, demonstrate, or picket in any of the Capitol Buildings" in violation of 40 U.S.C. § 5104(e)(2)(G)).

Parading, demonstrating and picketing for redress of grievances is the birthright of every American. '[D]emonstrate' has been defined by the Supreme Court as "to make a public display of sentiment for or against a person or cause" and "picket" as an effort "to persuade or otherwise influence"). *Hill v. Colo.*, 530 U.S. 703, 721-22 (2000) (quoting Webster's Third New International Dictionary). The no-demonstration and no-picketing zone established by 40 U.S.C. § 5104(e)(2)(G)) in the entirety of a 1.5-million-square-foot building is the largest infringement on basic 1st amendment rights ever imposed anywhere in the United States.

Cruz's indictment is aimed at chilling Cruz's (and millions of others)' right to petition and speak against perceived government abuses at the Capitol. The government seeks to insulate congressional representatives, staff, officials and attendees from receiving the messages of Cruz and other protestors and petitioners. Such efforts by the government are undeniably unconstitutional. See, e.g., *Gresham v. Peterson*, 225 F.3d 899 (7th Cir. 2000)).

Under the 1st amendment, "free speech zones" are presumptively invalid everywhere. However, there are a tiny few temporary instances and secure spaces where courts have allowed limited restrictions on picketing and demonstration. Never, however, has any court allowed the government to silence and censor all petitioning and protesting in such a vast radius as the government seeks here.

A number of cases have recognized that certain officials or facilities are so highly-sensitive or protected that protestors can be confined to "free speech zones" at a given distance away. How far away, exactly? In *Madsen v. Women's Health Ctr.*, 512 U.S. 753 (1994), the Supreme Court determined that a 300-foot buffer between protesters and the entrance to an abortion clinic was <u>too great a restriction</u> on speech, however, a thirty-six-foot buffer was acceptable. *Id*. at 771. The Court reasoned that "citizens must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to freedoms protected by the First Amendment." *Id*. at 774.

The late Judge Larry McKinney of the U.S. Southern District of Indiana dealt with a similar case involving a protestor who picketed a speech by Vice President Dick Cheney in 2002. *Blair v. City of Evansville*, 361 F. Supp. 2d 846 (S.D.In. 2005). Blair was arrested for "disorderly conduct" while merely holding a sign that stated "Cheney 19th Century Energy Man" at an event in Evansville, Indiana. Blair later sued arresting officers, and the court held that "the restriction

of protesters to an area <u>500 feet</u> away from the only entrance used by attendees, and on the opposite end of the building from where Vice President Cheney would enter the facility and from where the majority of people attending the event would park, burdened speech substantially more than was necessary to further the [government's] goals of safety."

Even more than in *Blair*, the expansive speech and picketing restrictions here (effectively <u>the entire</u> 1.5 million square foot Capitol complex) are massively overexpansive and not narrowly tailored to serve a significant government interest. See *United States v. Albertini*, 472 U.S. 675, 689 (1985)). While the vice president and Congress can and should be properly protected from danger, the 1st amendment requires that the vice president and Congress cannot be entirely insulated from picketing and advocacy.

Judge McKinney found that the restriction of protesters to an area 500 feet away from the only entrance used by attendees, and on the opposite end of the building from where Vice President Cheney would enter the facility and from where the majority of people attending the event would park, burdened speech substantially more than was necessary to further the goals of safety.

> Furthermore, other cases that have looked at restrictions on access to public buildings similar to the Centre have found a violation of the First Amendment on more narrow restrictions. See, e.g.,*Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 861-62 (9th Cir. 2004) (200 and 265 feet security zones found over broad); *Bay Area*

> *Peace Navy v. United States*, 914 F.2d 1224, 1229 (9th Cir. 1990) (seventy-five yard security zone found over broad because it prevented demonstration from reaching intended audience); but see *Madsen*, 512 U.S. at 771 (holding that a thirty-six-foot buffer zone on public property was narrow enough).

*Blair*, 361 F. Supp. 2d at 858.

Similarly to the 1,000-foot ban in *Weinberg v. City of Chicago*, 310 F.3d 1029, 1040 (7th Cir. 2002), Judge McKinney found that the location of the protest zone in *Blair* "eliminated any meaningful avenue for the communication of ideas by the protestors to at least one intended audience, the attendees."

Note that the government here is <u>asserting that the entire U.S. Capitol</u>—one of the largest public buildings in the United States—is a no free speech and no picketing zone. According to the Architect of the U.S. Capitol:

> **As the nation has grown so has the U.S. Capitol : today it covers well over 1.5 million square feet, has over 600 rooms, and miles of corridors.**
>
> \*   \*   \*   \*
>
> **Today, the U.S. Capitol covers a ground area of 175,170 square feet, or about 4 acres, and has a floor area of approximately 16-1/2 acres. Its length, from north to south, is 751 feet 4 inches; its greatest width, including approaches, is 350 feet. Its height above the base line on the east front to the top of the Statue of Freedom is 288 feet.**

Architect of the Capitol, "The U.S. Capitol Building,"

(https://www.aoc.gov/explore-capitol-campus/buildings-grounds/capitol-building)

(accessed 8/14/2022).

Significantly, some federal courts have *already held* that the West Front Lawn is a traditional public forum where demonstrations must be allowed. See also, e.g., Lederman, 291 F.3d at 44.  In *Lederman*, the D.C. Circuit declared facially unconstitutional a "regulation banning leafleting and other 'demonstration activit[ies]' on the sidewalk at the foot of the House and Senate steps on the East Front of the United States Capitol." 291 F.3d at 39 (alterations in original). In finding that the law at issue in *Lederman* failed the narrow-tailoring analysis, the Court of Appeals cautioned that "the Constitution does not tolerate 'regulations that, while serving their purported aims, prohibit a wide range of activities that do not interfere with the Government's objectives.'" Id. at 44 (quoting *Cmty. for Creative Non-Violence v. Kerrigan* (CCNV), 865 F.2d 382, 390 (D.C. Cir. 1989)). Applying that principle, the panel concluded that the "ban's absolute nature" rendered the regulation not narrowly tailored, as "[s]ome banned activities" "cannot possibly" interfere "with the stated objectives of traffic control and safety." Id. at 45.

## CONCLUSION

40 U.S.C. § 5104(e)(2)(G), which forbids "willfully and knowingly parad[ing], demonstrate[ing], or picket[ing] in any of the Capitol Buildings" is unconstitutional both on its face and as applied to the alleged conduct of defendant Cruz.  Cruz is accused of nothing more than walking into the Capitol during normal business hours as part of a demonstration of expression regarding the fairness of the 2020 presidential election.  Cruz has a 1st amendment right to express his opinions in such a manner.

For all the above described reasons, the indictment in this case must be dismissed.

Dated: September 2, 2022                    Respectfully submitted,

/s/ John M. Pierce
John M. Pierce
John Pierce Law, P.C.
21550 Oxnard Street
3d Floor, PMB 172
Woodland Hills, CA 91367
Tel: (213) 279-7846
jpierce@johnpiercelaw.com

*Attorneys for Defendant*
*Lloyd Casimiro Cruz Jr*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 2, 2022, this motion and the accompany declaration was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce