UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case 1:22-cr-00064-RBW |
| | : |
| LLOYD CASIMIRO CRUZ, JR. | : |
| | : |
| Defendant. | : |

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION (ECF # 40) TO DEFENDANT'S MOTION TO DISMISS ON FIRST AMENDMENT GROUNDS

Defendant Lloyd Casimiro Cruz, Jr, ("Cruz") by and through counsel, hereby replies to the government's Opposition (ECF 40) regarding Cruz' Motion to dismiss his charges on First Amendment grounds.

Defendant's alleged actions on Jan. 6 are consistent with being a protestor and a demonstrator; not a rioter or insurrectionist. Cruz allegedly peacefully entered the U.S. Capitol building along with hundreds of others around 2:11 p.m. and left ten minutes later. The information and supporting Statement of Facts do not allege that Cruz faced any restrictions from any guard nor that Cruz breached any gate or resisted any officer.

**First Amendment rights to petition and advocate cannot be stricken merely "due to the attendance of the Vice President and his family (all of whom were Secret Service "protectees.")**

The government's Opposition argues that "Because the U.S. Capitol building was restricted on January 6 due to the attendance of the Vice President and his family (all of whom were Secret Service "protectees"), Cruz had no freedom of petitioning or expression. ECF #40 at 2. But such a proposition cannot survive muster under the First Amendment. The U.S. Capitol is one of America's largest public buildings, with well over 1.5 million square feet, over 600 rooms, and miles of corridors.[1] Previous case law in other federal jurisdictions has invalidated government attempts to extend no-advocacy zones beyond a few feet.

For example, the Supreme Court invalidated attempts to ban protesting within 300 feet of an abortion clinic. *Madsen v. Women's Health Ctr*., 512 U.S. 753, 771 (1994) (finding thirty-six-foot buffer was acceptable). "[C]itizens must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to freedoms protected by the First Amendment." *Id*. at 774.

**The government's argument that no one can protest in a building where a "Secret Service protectee" visits is plainly unconstitutional.**

---

[1] See Architect of the Capitol, "U.S. Capitol Building," https://www.aoc.gov/explore-capitol-campus/buildings-grounds/capitol-building (accessed 9/27/2022).

In *Blair v. City of Evansville*, 361 F. Supp. 2d 846 (S.D.In. 2005), a district court upheld a lawsuit by a protestor (Blair) who was wrongly arrested for picketing a speech by Vice President Dick Cheney in 2002. *Blair* held that "the restriction of protesters to an area <u>500 feet</u> away from the only entrance used by attendees, and on the opposite end of the building from where Vice President Cheney would enter the facility and from where the majority of people attending the event would park, burdened speech substantially more than was necessary to further the [government's] goals of safety."

The 1st amendment requires that the vice president and Congress cannot be entirely insulated from picketing and advocacy. See, e.g., *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 861-62 (9th Cir. 2004) (200 and 265 feet security zones found over broad); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1229 (9th Cir. 1990) (seventy-five yard security zone found over broad because it prevented demonstration from reaching intended audience); but see *Madsen*, 512 U.S. at 771 (holding that a thirty-six-foot buffer zone on public property was narrow enough).

*Blair*, 361 F. Supp. 2d at 858. Judge McKinney found that the location of the protest zone in *Blair* "eliminated any meaningful avenue for the communication of ideas by the protestors to at least one intended audience, the attendees."

**No Act of Congress, and no ruling of any appellate court has ever found that the Capitol is a No-free-speech zone; so the government cites pretrial rulings**

**in other Jan. 6 cases and a 2000 D.C. District Court ruling that <u>upheld the right</u> of an organized group to do a prayer walk inside the Capitol.**

The government's opposition states that "judges of this Court have recognized that the U.S. Capitol qualified as a "restricted building," citing various pretrial proceedings stemming from other January 6 cases. Opposition page 3. The First Amendment literally says "Congress shall make no law" restricting speech, advocacy, or petitioning.  By consultation with any English dictionary, this freedom must apply to "picketing" and "parading."

The government's only path around this problem is the notion that the mere presence of the Vice President in the Capitol on Jan. 6 somehow allows for prosecutions of advocates, protestors or petitioners.  ("[T]he U.S. Capitol building qualified as a "restricted building on January 6 under Section 1752(c)(1)(B) due to the Vice President's attendance and participation in the joint congressional session." Opposition, page 4.

But the Supreme Court has never held that the First Amendment can be evaded simply by a Secret Service proclamation that a protected government official lurks nearby.

The government relies extensively on Judge Friedman's well-articulated opinion in *Bynum v. U.S. Capitol Police Board*, 93 F. Supp. 2d 50 (D.D.C. 2000),[2] which the government says classified the interior of the Capitol as a nonpublic forum. In fact, *Bynum* <u>struck down</u> a previous ban on picketing and parading in the Capitol as too broad. *See id*. (holding groups of visitors have 1st amendment rights to hold nondisruptive prayer sessions in Capitol hallways).

Judge Friedman himself wrote that his conclusion to categorize the inside of the Capitol as a 'nonpublic forum' was "somewhat surprising." *Id*. at 56 ("Which brings the Court to what may seem a somewhat surprising conclusion that the inside of the United States Capitol is a nonpublic forum for First Amendment forum analysis purposes"). And despite the *Bynum* Court's pronouncement that the inside of the Capitol is a nonpublic forum for protesting, the Court held that some, limited expression, prayer and petitioning is <u>nonetheless permitted</u> inside the Capitol:

> The Court, however, cannot conclude that the regulation is reasonable in light of the purposes it could legitimately serve. While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way

---

[2] *Bynam*'s dismissal <u>with</u> prejudice was vacated by *Bynum v. United States Capitol Police Bd.*, 96 F. Supp. 2d 4 (D.D.C. 2000), ordering dismissal <u>without</u> prejudice.

> disruptive, such as "speechmaking . . . or other expressive conduct. . .." Traffic Regulations for the Capitol Grounds § 158. Because the regulation's proscriptions are not limited to the legitimate purposes set forth in the statute, it is an unreasonable and therefore an unconstitutional restriction on speech. See *Board of Airport Commissioners of the City of Los Angeles v. Jews for Jesus, Inc.*, 482 U.S. 569, 575 (1987) (general prohibition of First Amendment activity in airport cannot be justified even if airport is nonpublic forum "because no conceivable government interest would justify such an absolute prohibition of speech"). For these reasons, and those discussed in Section II B of this Opinion, the regulation is both unreasonable and unconstitutionally overbroad.

*Bynum*, at 57.

Judge Friedman also found that the "picketing and parading" ban violated due process because it was vague: "While there certainly are types of expressive acts that rise to the level of a demonstration, any regulation that allows a police officer the unfettered discretion to restrict behavior merely because it 'conveys a message' or because it has a 'propensity to attract a crowd of onlookers' cannot survive a due process challenge." *Id*.

> The regulation as written allows a police officer to restrict any sort of expressive conduct when, in the eyes of the particular officer, it might attract onlookers -- without regard to whether it in fact attracts a crowd of onlookers or whether it in fact disrupts or obstructs. The determination of what conduct is prohibited by such a regulation therefore necessarily will vary depending on the subjective judgment of the particular officer regarding what conduct in his or her judgment has a "propensity to attract a crowd

> of onlookers." Such a regulation does not provide any standard at all. Rather, it "confers on the police a virtually unrestrained power to arrest and charge persons with a violation" and "the opportunity for abuse . . . is self-evident." [citations omitted].
>
> The virtually standardless, broad discretion given to the Capitol Police by this regulation also causes it to be unconstitutionally vague.

*Bynum*, at 58-59.

CONCLUSION

Despite the government's suggestions otherwise, there is no binding case law upholding the government's total ban on "picketing and parading" inside the U.S. Capitol. The total ban violates Cruz' First Amendment right to speak, protest, advocate, demonstrate and petition government for redress of grievances in the Capitol. Never has the Supreme Court held that the government may criminalize the mere act of picketing (displaying a communication) or parading (walking with others to express solidarity or represent a message) in a public building designed for policymaking discussion and debate.

Even the *Bynum* decision, supra, which the government says supports a ban on "picketing and parading" in the Capitol, actually stated that organized prayer walks may not be prohibited in the Capitol unless such walks disrupt or interfere with legislative proceedings in the Capitol.

ACCORDINGLY, the indictment must be dismissed because it fails to accuse Cruz of loudly or violently disrupting, harming, or obstructing legislative proceedings.

Dated: October 3, 2022                    Respectfully Submitted,

                                                           John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify and attest that on October 3, 2022, I caused this document to be uploaded and filed in this case, using the electronic filing system established by the Court.  By doing so, I automatically served the document to counsel for the United States.

<u>/s/ John M. Pierce</u>
John M. Pierce