UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LLOYD CASIMIRO CRUZ JR,<br><br>Defendant. | Criminal No. 22-cr-00064-RBW<br><br>**DEFENDANT CRUZ'S RESPONSE AND OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE REGARDING ENTRAPMENT BY ESTOPPEL** |

Defendant Lloyd Casimiro Cruz, Jr, ("Cruz") by and through undersigned counsel, hereby replies to the government's Motion in Limine regarding "entrapment by estoppel."

In an astounding act of prosecutorial hubris, the government seeks to gag the defendant from bringing to the jury's attention obvious exculpatory facts in this case. Indeed, the government seeks to bypass a central element required for conviction, and thus to deny Cruz's due process rights.

The government's motion in limine first seeks to preclude Cruz from arguing "entrapment by estoppel," or that President Trump's speech gave Cruz legal cover to (in the government's words) "attack" the Capitol. Defendant Cruz would never *attack* the Capitol upon the command of a government official.

Rather, Cruz will argue that the truth exonerates him: which is to say that Cruz joined hundreds of others in a boisterous yet peaceable assembly and walk through of the U.S. Capitol on January 6, 2021 to protest election improprieties and otherwise petition for redress of grievances.

Cruz did not attack, break, damage or push any property or barrier whatsoever.  Government officials, including Capitol Police officers, voiced no objection to Cruz as Cruz allegedly entered and walked through parts of the Capitol.  Cruz's defense will likely emphasize the excited emotions and boisterousness of the moment, and Cruz's right to protest, combined with tacit, (even if perhaps initially reluctant), approval of D.C. Capitol police.

**Judge Howell's ruminations in the *Chrestman* case are inapposite to the facts here.**

The government's motion makes a great deal of Chief Judge Howell's opinion in *United States v. Chrestman*, 525 F. Supp. 3d 14 (D.D.C. 2021).  But *Chrestman* was a pretrial detention order in a case where a Jan. 6 defendant allegedly wielded an axe handle, a helmet, a gas mask, and tactical gear, and marched with co-conspirators, threatened police, and interfered with police as they attempted to arrest an individual.  By contrast Cruz is charged with just two misdemeanor counts which require proof beyond a reasonable doubt that Cruz had notice that the Capitol was a restricted building.

In seeking pretrial release, Chrestman's lawyers offered several arguments, one of which was that Chrestman was misled or entrapped by President Trump's speech on January 6 urging supporters to "fight like hell" to secure an appropriate congressional evaluation of election improprieties. Judge Howell correctly ruled that such a presidential speech cannot relieve defendants like Chrestman from criminal liability.

But Cruz is accused of knowingly entering or remaining in a restricted building; and police inaction or communication that Cruz was free to enter the Capitol on January 6 <u>is an affirmative defense</u>—if not a total defense—to Cruz's charges.

Ironically, one of the Supreme Court decisions cited by *Chrestman*, but rejected or distinguished by Judge Howell in Chrestman's case, is <u>applicable to Cruz's case</u>. *Cox v. Louisiana*, 379 U.S. 559 (1965) involved a protestor who led a group of 2,000 civil rights marchers near a courthouse. Cox had been convicted of violating an anti-picketing law by demonstrating too close to a courthouse. 379 U.S. at 564-65. The Supreme Court held that the Due Process Clause did not permit defendant's conviction, because officials present had given Cox permission to hold the demonstration across the street.

While Judge Howell held that *Cox* was inapplicable to the facts in *Chrestman*, the *Cox* holding is virtually on point with the alleged facts in Cruz's case. Cruz is accused of entering the Capitol at a time when barriers were removed and Capitol Police offered no resistance. Just as in *Cox*, Cruz should not be punished when cops led him to believe he was acting with their permission.

Judge Howell distinguished *Cox* by suggesting the *Cox* case applied only to "limited administrative regulation of traffic" but not to "a hypothetical situation in which an official might purport to "allow[] one to commit, for example, murder or robbery." *Id*. at 569. *Chrestman*, at 34. Judge Howell indicated that the *Cox* estoppel rule would apply where "a government actor's statements constitute 'a waiver of law' [within] his or her lawful authority." Chrestman at 38 (citing 379 U.S. at 569). <u>This is precisely the case here</u>: Cruz is not accused of murder or robbery; he is accused of going into the wrong place and walking in the wrong hallways—subject to "administrative regulation of traffic" where the Capitol Police on duty <u>waived the normal restrictions</u> in a one-time hat tip to the exuberance of the crowd.

One could hardly imagine a more clearcut case of entrapment by estoppel.

**Even if "Entrapment by Estoppel" doesn't apply, Cruz has a right to describe the conduct of the Capitol Police because he has a right to defend himself from false accusations that he knowingly entered and picketed in the Capitol while on notice not to do so.**

Setting aside the question of whether officer inaction on Jan. 6 might constitute "entrapment by estoppel," Cruz <u>has a right to attack the notice element</u> of the charges against him. Lack of privilege to enter is an essential element of all criminal trespass prosecutions; the prosecution must prove this element beyond a reasonable doubt in all criminal trespass claims . . ." See *State v. Lyons*, 480 N.E.2d 767 (Ohio1985); A "trespass" is an intrusion onto the property of another that interferes with the other's right to exclusive possession. *Bradley v. Am. Smelting & Ref. Co.*, 709 P.2d 782 (Wash. 1985); Restatement (Second) of Torts § 158 (Am. Law Inst. 1965). Conduct that would otherwise constitute a trespass is not a trespass if it is privileged. Restatement § 158. A privilege may derive from the consent of the possessor or may be given by law because of the purpose for which the actor acts. *Id*.

In addition to giving express consent to entry, a possessor of property may impliedly consent to a licensee's entry, through conduct or by application of local custom. *Singleton v. Jackson*, 85 Wn. App. 835, 839-40, 935 P.2d 644 (1997) (citing Restatement § 330 comments b-e). See also *Commonwealth v. Jones*, 912 A.2d 815, 822 (Pa. 2006) ( "[t]he two primary elements of criminal trespass-[include] (1) knowledge of lack of privilege (2) to enter a building."); *State in Interest of L.E.W.*, 570 A.2d 1019, 1022 (N.J. Super. 1990) ("The offense has two

primary elements. First, it requires that an individual knowingly enter or remain without license.")

**The United States cannot get around its obligation to prove lack of privilege by using limine motions.**

No more plain violation of the Constitution can be imagined than where the prosecution can simply tell a factfinder to "trust us"; and then preclude the defense from challenging the prosecution's false claims. Cruz is entitled to "a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). The United States may not impede Cruz's right to put on a defense by "imposing mechanistic ... or arbitrary ... rules of evidence," LaGrand v. Stewart, 133 F.3d 1253, 1266 (9th Cir. 1998).

CONCLUSION

Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Graves v. District of Columbia, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990). In this case, however, the government is seeking to deprive Cruz of his right to put on a defense by using a motion in limine.

Defendant Cruz prays for an order denying the government's motion in limine.

Dated: October 13, 2022    Respectfully Submitted,
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify and attest that on October 13, 2022, I caused this document to be uploaded and filed in this case, using the electronic filing system established by the Court. By doing so, I automatically served the document to counsel for the United States.

/s/ John M. Pierce
John M. Pierce