UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 22-cr-00064-RBW |
| | : | |
| v. | : | **LLOYD CASIMIRO CRUZ,** |
| | : | **JR'S RESPONSE AND** |
| **LLOYD CASIMIRO CRUZ, JR.** | : | **OPPOSITION TO** |
| | : | **GOVERNMENT'S MOTION** |
| Defendant. | : | **IN LIMINE TO LIMIT** |
| | : | **CROSS-EXAMINATION OF** |
| | : | **SECRET SERVICE** |
| | : | **AGENCY WITNESSES** |

_____

Defendant Lloyd Casimiro Cruz, Jr, ("Cruz") by and through undersigned counsel, hereby files this Response and Opposition in reply to the Government's Motion in Limine To Limit Cross-Examination Of Secret Service Agency Witnesses docketed at ECF Dkt. # 44.

**I.   OVERVIEW AND SUMMARY**

Defendant, by counsel, does not recall the Government consulting with the counsel for Defendant on whether this question could have been worked out or narrowed before decision by the Court. The Motion in Limine ("MIL") seems to include matters that the Defendant can agree with but at least potentially (depending on what the Government means and how the Court interprets that) the Defendant might not agree with.

The Government's Conclusion in the MIL refers us to the body of the MIL and there does not appear to be a proposed order to guide us in specifying what the Government precisely asks for, but Defendant interprets from the body of the MIL that the Government is seeking from the Court an order:

A.  limiting the cross-examination of the Secret Service witnesses to questioning about the protection detail work performed by the Secret Service on January 6, 2021, as testified to on direct examination, in this case protecting the Vice President and his family.

B. to preclude cross-examination that would elicit information that is not directly related to whether the Secret Service was performing that function at the Capitol on January 6, 2021.

C. Defendant from questioning Secret Service witnesses about

   a. Secret Service protocols

   b. related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;

D. Cross-examination of Secret Service witnesses about extraneous matters beyond the scope of direct examination should

E. The Secret Service's general protocols about relocation [apparently upon emergencies]

  F. Exclude questioning on evidence of the nature of Secret Service protective details

  G. Exclude evidence of the nature of Secret Service protective details, including the number or type of assigned agents on a protective detail

## II. APPLICABLE LAW

Defendant Cruz is charged with a violation of 18 U.S.C. § 1752(a)(l), successful prosecution of which requires proof beyond a reasonable doubt of each of the elements of the charged crime that a Defendant

  A. Knowingly

  B. enters or remains

  C. in any restricted building or grounds

  D. without lawful authority to do so

At every stage of the Government's response to events on January 6, 2021, the Government has either misunderstood or given the false impression that a violation of 18 U.S.C. § 1752(a)(l) occurs by mere presence alone of a person in some ill-defined restricted area, building or grounds, which some government official subjectively thinks to himself – but does not actually communicate to the persons charged – to be restricted.  This law is far worse for the prosecution than garden-variety trespassing because it involves by its nature a *temporary* restriction such that a building, grounds, or area may be unrestricted sometimes but restricted

at other times.

The Government attempts to point to a graphic which was nowhere to be found anywhere at or near the U.S. Capitol on January 6, 2021. It was not posted. There were no signs except those removed by persons caught on video systematically removing bike racks and rolling up flexible fencing.

The MIL states on page 4 that:

> The government need only prove that, on January 6, 2021, the U.S. Capitol was a "building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *Id.*

But that is manifestly untrue, unless the Government meant to say this in the context (a context it does not allow to January 6 Defendants) of testimony by Secret Service agents. That is, if the Government meant to say that the Government need only obtain from the Secret Service (as opposed to other witnesses) that "the U.S. Capitol was a 'building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting,'" this might be almost true.

But even if the Secret Service testified only to that, it would still be inadequate because it remains vague and ambiguous which "building or grounds" were restricted on January 6, 2021, as discussed below.

### III.   ARGUMENT

## A. MATTERS NOT IN DISPUTE

At least in this particular case, given that the Defendant is charged with only two misdemeanors. Defendant, by counsel, knows of no reason why the Government would suspect that the Defendant would need to inquire into:

1) Secret Service protocols related to the locations where protectees or their motorcades are taken when emergencies occur;

2) The Secret Service's general protocols about relocation [apparently the same topic concerning emergencies]

3) The nature of Secret Service protective details, including the number or type of assigned agents on a protective detail (except perhaps as explained below).

## B. DISPUTED ITEMS THAT SHOULD NOT BE EXCLUDED

While the Government's (or the Secret Service's) fears may be exaggerated, there are legitimate areas of cross-examination that might well be hampered by the MIL as written.

First, the presence of a Secret Service protectee may justify the declaration of a building or grounds as a restricted area. However, this does not explain what building or grounds the restriction can reasonably cover. Can the presence of the President in an auditorium in Atlanta support declaring the entire State of Georgia as a restricted area or "grounds?" Clearly not.

Therefore, how large of an area does Secret Service protection of a protectee justify? This may involve questions of how the Secret Service performs protective security details, the nature of its functions and protective security details, and even how large (how much staff) are involved in the Secret Service protection of a protectee such as a Vice President (presumably the answer varies depending on the type of protectee)?

The U.S. Capitol building is 751 feet long. How much of the 751 foot long building is reasonable and necessary for the protection of the presence of the Vice President at the Senate end of the Capitol building. Note that this must be evaluated before the fact for the usual case not what happened in hindsight.

How much of the Capitol grounds are reasonable to be restricted in order to serve a legitimate interest in protecting a Secret Service protectee?

The statute does not define how big of an area can or should be restricted. Therefore, the nature and functioning of Secret Service details could be probative to define what is a reasonable area of restriction.

Doesn't the Vice President visit the U.S. Senate side of the U.S. Capitol all the time to break tie votes? If no restricted area is declared every time the Vice President breaks a tie, then how big an area is reasonably justified to be restricted?

In this case, the Secret Service did not declare any restriction, the U.S. Capitol Board did. Why? Why did the Secret Service not believe it was necessary,

reasonable, or appropriate for the Secret Service to declare a restricted area? Does this illuminate how much of the building or the grounds were appropriate and reasonable to be restricted?

## IV.  CONCLUSION

THEREFORE, Defendant Cruz respectfully requests that the Court deny the Motion in Limine to the extent that it would restrict the Defendant's questioning on cross-examination or by calling his own witness to explore the issues identified in section III(B) above.

Dated:  October 13, 2022                              RESPECTFULLY SUBMITTED


/s/ John M. Pierce

John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
jpierce@johnpiercelaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this October 13, 2022, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants, including:

>Mr. Andrew J. Tessman, Esq.
>DOJ-USAO
>District of Columbia - Detailee
>300 Virginia Street East, Suite 4000
>Charleston, WV 25301
>Telephone:   304-340-2234
>E-mail:  andrew.tessman@usdoj.gov

>/s/ John M. Pierce