IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 22-cr-64 (RBW) |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| LLOYD CASMIRO CRUZ JR., | : | |
| | : | 18 U.S.C. § 1752(a)(1) |
| Defendant. | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parading, Demonstrating, or Picketing in |
| | : | a Capitol Building) |

## PROPOSED JURY INSTRUCTIONS

**Instructions Before and During Trial**

The United States submits the following proposed jury instructions.

**Final Instructions**

1. Count One, Entering or Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) [see proposal below]

2. Count Two, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

**Proposed Instruction No.\_\_**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS**[1]

18 U.S.C. § 1752(a)(1)

Count One of the Information charges defendant, Lloyd Cruz, with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[2]

---

[1] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

[2] *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

**Proposed Instruction No. \_\_**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING**

40 U.S.C. § 5104(e)(2)(G)

Count Two of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[3]

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described elsewhere in these instructions.

---

[3] *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).