

**FILED**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | )   Criminal Action No. 22-64 (RBW) |
|  | ) |
| LLOYD CASIMIRO CRUZ, JR., | ) |
|  | ) |
| Defendant. | ) |

## ORDER

On November 11, 2022, the defendant filed a motion requesting "to proceed to trial by magistrate judge of this district." Defendant Lloyd Casimiro Cruz Jr's Motion for Trial by Magistrate Judge at 1, ECF No. 56. The defendant states that he "was charged with violations of 18 U.S.C. § 1752(a)(1), and with 40 U.S.C. § 5104(e)(2)(D) and (G)[,] by and through a criminal complaint[.]" Id. The defendant asserts that "[p]ursuant to 18 U.S.C. § 3401, a defendant that is charged with only misdemeanor[s] may elect to expressly waive a trial, judgment[,] and sentencing by a district judge and does so either in writing or by oral motion on the record." Id. Thus, the defendant asserts that he "waives his right to a trial, judgment, and sentencing by a district court judge and [ ] elects to proceed to trial by a magistrate judge for the District of Columbia." Id.

The statute cited by the defendant in his motion—18 U.S.C. § 3401—states that, "[w]hen specifically designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." 18 U.S.C. § 3401(a). The statute also states that "[a]ny person charged with a misdemeanor other than a petty offense may elect, however, to be tried before a district judge for the district in which the

offense was committed." Id. at § 3401(b).  Section 3401(b) further provides that "[t]he

magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and

sentencing by a district judge and that he may have a right to trial by jury before a district judge

or magistrate judge[,]" and that "[t]he magistrate judge may not proceed to try the case unless the

defendant, after such explanation, expressly consents to be tried before the magistrate judge and

expressly and specifically waives trial, judgment, and sentencing by a district judge." Id.

Here, a magistrate judge has not been "specifically designated to exercise [ ] jurisdiction

by the district court . . . to try [the defendant, who is] accused of . . . misdemeanors committed

within th[is] judicial district." 18 U.S.C. § 3401(a).  Although 18 U.S.C. § 3401 permits "[a]ny

person charged with a misdemeanor other than a petty offense [to] [ ] elect . . . to be tried before

a district judge for the district in which the offense was committed[,]" id. at § 3401(b) (emphasis

added), the statute does not provide the defendant with a right to the reverse—i.e., to elect to be

tried before a magistrate judge.

Accordingly, it is hereby

**ORDERED** Defendant Lloyd Casimiro Cruz Jr's Motion for Trial by Magistrate Judge,

ECF No. 56, is **DENIED**.[1]

**SO ORDERED** this 22nd day of November, 2022.

REGGIE B. WALTON
United States District Judge

---

[1] There are only four Magistrate Judges in this District and their dockets are currently extremely congested. Accordingly, for that reason alone, this Court would not impose an additional burden on them, especially in light of the fact that this Court has already set aside time to conduct the trial of this case.