# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-CR-64 (RBW) |
| v. : | |
| : | |
| LLOYD CASIMIRO CRUZ, JR., : | |
| : | |
| Defendant : | |

## RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's sentencing memorandum filed on April 26, 2023.

1. On January 13, 2023, Cruz was convicted of both charges in the Information (ECF 7) after a stipulated bench trial. On that same date, the Court ordered that the final Pretrial Services report be finalized by April 13, 2023, and that a sentencing hearing be set for May 2, 2023.

2. On March 16, 2023, the U.S. Probation Office (USPO) prepared a draft presentence report that included a cover page requiring the parties to submit any material inaccuracies or disputes to the presentence investigation report (PSR), by March 30, 2023. ECF 75.

3. On March 19, 2023, the government provided its response to the draft pretrial services report indicating that it had no objections to the report. ECF 77. The defendant did not respond to the draft presentence report.

4. On April 13, 2023, the USPO prepared a final presentence report. ECF 78. That report noted that the "defendant and Defense Counsel have not responded to the presentence report." ECF 78 at 25.

5. On April 26, 2023, the parties filed their sentencing memorandums. ECF 80, 81.

1

6. For the first time, on April 26, 2023, a month after the court-ordered deadline, the defendant raised several objections to the Final presentence report, including objections to the sentencing guideline calculation and the criminal history calculation, among other extraneous issues that have already been, by-and-large, resolved by the Court in prior court hearings. ECF 81.

7. The government maintains that the guideline calculation and criminal history calculations by the USPO are in fact correct for the reasons provided in the final presentence report.[1] The defendant's objections in his sentencing memorandum are both legally incorrect and inconsistent with how this District has routinely analyzed the same guidelines in similar cases.

8. The deadlines imposed by the Court for resolving objections to the presentence report is an intentional and deliberate process designed to streamline the sentencing process prior to a sentencing hearing. *See* Fed. R. Crim. P. 32; DC LCrR 32.2.

9. The PSR objections contained in the defendant's sentencing memorandum are untimely and no good cause exists for the defendant's failure to timely submit them. No reason was provided ahead of time (or after) for the defendant failing to meet the court-ordered deadlines. No communication was made to the government or the USPO before the March 30 deadline. *See* ECF 78 at 25. The defendant should not be permitted to ignore deadlines and raise issues outside of the court-ordered schedule.

---

[1] The government will brief any live issue the Court finds appropriate upon further order.

**Conclusion**

Given the lack of good cause for defendant's untimeliness, the sentencing hearing should largely focus on the 18 U.S.C. § 3553(a) sentencing factors.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Andrew J. Tessman*
     ANDREW J. TESSMAN
     Assistant United States Attorney
     District of Columbia – Detailee
     West Virginia Bar No. 13734
     300 Virginia Street
     Charleston, WV 25301
     (304) 345-2200
     Andrew.Tessman@usdoj.gov

/s/ Rebekah Lederer
Rebekah Lederer
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W, Washington, DC 20530
Tel. No. (202) 252-7012
Email: rebekah.lederer@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 27th day of April, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

By:   /s/ *Andrew J. Tessman*
     Assistant United States Attorney